FILED

JAN 1 5 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>ANGELA ZYGAREWICZ,<br><br>      Debtor.<br>_____<br>ANGELA ZYGAREWICZ,<br><br>      Plaintiff,<br><br>vs.<br><br>EDUCATIONAL CREDIT MANAGEMENT CORPORATION,<br><br>      Defendant.<br>_____ | Case No. 05-31918-A-7<br><br><br><br><br><br><br><br><br>Adv. No. 08-2723 |

**MEMORANDUM**

    Angela Zygarewicz, a chapter 7 debtor and the plaintiff in this adversary proceeding, borrowed 16 government-guaranteed student loans totaling $81,429.  The loans have been assigned to

Educational Credit Management Corporation ("ECMC"). By September 2009, the accrual of interest on these student loans had caused the debt to balloon to more than $146,000. The debtor asks the court to declare that these student loans were discharged in bankruptcy.

The Bankruptcy Code provides financially distressed debtors with a fresh start by discharging most of their pre-petition debts. See Grogan v. Garner, 498 U.S. 279, 286-87 (1991). However, under 11 U.S.C. § 523(a)(8), there is a presumption that educational loans extended by or with the aid of a governmental unit or nonprofit institution are nondischargeable unless the debtor can demonstrate that their repayment would be an undue hardship. See United States v. Wood, 925 F.2d 1580, 1583 (7th Cir. 1991). This exception to a bankruptcy discharge ensures that student loans, which are typically extended solely on the basis of the student's future earnings potential, cannot be discharged by recent graduates who then pocket all of the future benefits derived from their education. See Andrews Univ. v. Merchant (In re Merchant), 958 F.2d 738, 740 (6th Cir. 1992).

The debtor bears the burden of proving by a preponderance of the evidence that she is entitled to a discharge of the student loan. See Garner, 498 U.S. at 291; Rifino v. United States (In re Rifino), 245 F.3d 1083, 1087-88 (9th Cir. 2001). That is, the debtor must prove that repayment of student loans will cause an undue hardship.

The Bankruptcy Code does not define "undue hardship." Courts interpreting section 523(a)(8), however, have concluded that undue hardship is something more than "garden-variety

hardship." United Student Aid Funds, Inc. v. Pena (In re Pena), 155 F.3d 1108, 1111 (9th Cir. 1998). Only cases involving "real and substantial" hardship merit discharges. See Cota v. U.S. Dept. of Educ. (In re Cota), 298 B.R. 408, 423 (Bankr. D. Ariz. 2003).

The Ninth Circuit has adopted a three-part test to guide courts in their attempts to determine whether a debtor will suffer an undue hardship is required to repay a student loan:

> First, the debtor must establish "that she cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans." . . .
>
> Second, the debtor must show "that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans." . . .
>
> The third prong requires "that the debtor has made good faith efforts to repay the loans. . . ."

Pena, 155 F.3d at 1111 (citing Brunner v. N.Y. State Higher Educ. Servs. Corp., 831 F.2d 395, 396 (2nd Cir. 1987 (internal citations omitted)).

Debtor must satisfy all three parts of the Brunner test before her student loans can be discharged. See United Student Aid Funds, Inc. v. Nascimento (In re Nascimento), 241 B.R. 440, 444 (9th Cir. BAP 1999); see also Strauss v. Student Loan Office-Mercer Univ. (In re Strauss), 216 B.R. 638, 641 (Bankr. N.D. Cal. 1998). Failure to prove any of the three prongs will defeat a debtor's case.

When this bankruptcy case was filed in September 2005, the debtor was a single woman and had no dependents. She is 39 years old.

-3-

Schedule I reported that the debtor was unemployed. The debtor's responses to the Statement of Financial Affairs revealed that she had received $5,500 in income during 2005 prior to the filing of the petition. Evidence at trial indicated that after the petition was filed, the debtor found work and earned a total of $9,424 in 2005. In 2004 and 2003, she earned $13,994 and $17,339, respectively.

Despite this modest income, the debtor did not immediately file an adversary proceeding to determine the dischargeability of her student loans. It was almost three years after the entry of her chapter 7 discharge on January 3, 2006 that the debtor reopened her chapter 7 case in order to pursue this adversary proceeding.

In her complaint, the debtor admits that after she received a discharge, she found part-time work with a church and later took a full-time job as a speech therapist. During 2006, the debtor earned $20,009 and in 2007 she earned $37,314. Hence, while it is clear the debtor's income was very modest in the time period immediately prior to her bankruptcy petition, her financial situation improved during her bankruptcy case.

The court cannot conclude based on the evidence of the debtor's financial circumstances up to the date of the discharge, that she was unable to maintain a minimal standard of living if she was required to repay her students loans.

However, in January 2007, the debtor was injured in an automobile accident. Her injuries eventually halted the financial progress she had been making and eventually prevented her from working. She now subsists on social security disability

payments.

The circumstance creating the debtor's hardship, the automobile accident, occurred after her chapter 7 petition was filed, indeed, approximately one year after her discharge was entered. The debtor is maintaining that this post-petition, post-discharge circumstance warrants a declaration that her student loans were discharged effective from the petition date.

When must the circumstances creating a debtor's hardship arise: before the bankruptcy case is filed; after the case if filed but prior to the entry of a discharge; or at anytime, including after the entry of a discharge?

The court concludes that the circumstances causing a chapter 7 debtor's financial hardship must arise prior to the entry of the discharge. If the circumstances causing a debtor's hardship arise after the entry of a discharge, those circumstances cannot form the basis of a determination that repayment of a student loan will be an undue hardship.

The Ninth Circuit's recent decision in Educ. Credit Mgmt. Corp. v. Coleman (In re Coleman), 560 F.3d 1000 (9th Cir. 2009), is not to the contrary. The debtor in Coleman had filed a chapter 13 petition. Even though a chapter 13 discharge is not entered until the completion of plan payments, typically three to five years after the filing of the petition, the debtor filed a dischargeability action approximately one year after filing the petition. The student lender maintained that the action was premature; any action should be filed and prosecuted after completion of plan payments when it was certain the debtor would receive a discharge.

-5-

The Ninth Circuit disagreed with the student lender and held that a chapter 13 debtor could "choose the 'snapshot date' for determining undue hardship. . . ." Id. 560 F.3d at 1010 (internal quotation marks and citations omitted).

Indeed, there is nothing in the Bankruptcy Code requiring that a complaint under section 523(a)(8) be filed at any particular point in a bankruptcy case, whether it is filed under chapter 7 or 13. Fed. R. Bankr. P. 4007(b) permits such dischargeability complaints to be brought at any time, including after the entry of a discharge and the closing of the bankruptcy case.

This is in contrast with the requirement imposed on a creditor filing a complaint under 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6). Such a complaint must be filed no later than 60 days after the initial meeting of creditors. See 11 U.S.C. § 523(c); Fed. R. Bankr. P. 4007(c).[1]

While a debtor's decision to file an action to determine the dischargeability of a student loan is not temporally constrained, this does not mean that a debtor's financial hardship may arise after a discharge has been entered.

Coleman deals with the ripeness of a dispute concerning the dischargeability of a student loan. It is ripe for adjudication at any point during the case. The Ninth Circuit did not

---

[1] In a chapter 13 case, the deadline for a creditor to file an action under section 523(a)(6), to the extent incorporated by 11 U.S.C. § 1328(a)(4), is different than in a chapter 7. The deadline must be set by the court and creditors must be given at least 30 days' notice of the deadline. See Fed. R. Bankr. P. 4007(d).

conclude, however, that a debtor could rely upon post-discharge circumstances to establish undue hardship. In fact, the court in Coleman made clear that the debtor could take a snapshot of the hardship warranting a discharge of a student loan any time prior to discharge.

Here, the debtor was injured in an automobile accident on January 17, 2007, almost exactly one year after her January 3, 2006 chapter 7 discharge. Because the accident had no causal link to the misfortune prompting the debtor to seek bankruptcy relief in the first instance, the accident cannot be relied on to justify the discharge of the student loans because repayment would be an undue hardship.

To hold otherwise would mean that a bankruptcy discharge is a perpetual license to discharge student loans based on events that occur years after the bankruptcy discharge is granted.[2] If a discharged debtor suffers later financial misfortune, that debtor must consider seeking another discharge subject to the limitations imposed by 11 U.S.C. §§ 727(a)(8) and 1328(f).[3] In

---

[2]This is more than a theoretical possibility. The dischargeability of a student loan may be determined at any time and in any court. Such a complaint is not subject to the deadline set in Rule 4007(c) and section 523(c) does not require the complaint to be filed in the bankruptcy court. As a result, a chapter 7 debtor could receive a discharge, not pay on a student loan after the conclusion of the bankruptcy case, be sued in a nonbankruptcy forum anytime within the applicable statute of limitations, and then ask the nonbankruptcy court to apply section 523(a)(8).

[3]In this instance, the debtor is now eligible for a discharge in a chapter 13 case. Her chapter 7 petition was filed on September 19, 2005. Section 1328(f)(1) bars a chapter 13 discharge when the debtor has received a chapter 7 discharge in a case commenced in the prior four years. She would not be


the context of a second case, the debtor could then ask that the student loan be declared dischargeable under section 523(a)(8).

This is not to say that post-discharge events are irrelevant. The second and third prongs of the <u>Pena</u> test require the court to consider whether the circumstances preventing a debtor from repaying a student loan are likely to persist, and whether the debtor has made good faith efforts to repay the student loan. Post-discharge events are relevant to these determinations because they require the court to look into the debtor's financial future.

Unfortunately for the debtor, it is unnecessary to consider the second and third prongs because she cannot satisfy the first prong.

Counsel for the defendant shall lodge a judgment consistent with this Memorandum.

Dated: 15 Jan 2010

By the Court

_____
Michael S. McManus, Judge
United States Bankruptcy Court

---

eligible for a chapter 7 discharge until September 19, 2013.

**CERTIFICATE OF MAILING**

I, Susan C. Cox, in the performance of my duties as a judicial assistant to the Honorable Michael S. McManus, mailed by ordinary mail to each of the parties named below a true copy of the attached document.

Barry Spitzer
1007 7th St #200
Sacramento, CA 95814

Angela Zygarewicz
6635 Sylvan Rd #626
Citrus Heights, CA 95610

Dated: January 19, 2010

*Susan C. Cox*
Susan C. Cox
Judicial Assistant to Judge McManus